IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APEX FINANCIAL OPTIONS, LLC and GOPHER FINANCIAL, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 19-046-LPS-SRF |
| RYAN GILBERTSON, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

I. **INTRODUCTION**

Presently before the court in this breach of contract and fraud action is the partial[1] motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), filed by defendants Ryan Gilbertson, RRG Family Capital LLC, Ryan Gilbertson Family 2012 Irrevocable Trust, and Total Depth Foundation, Inc. (together, "Defendants"). (D.I. 58) For the following reasons, I recommend that the court DENY Defendants' partial motion for judgment on the pleadings.[2]

---

[1] Defendants' motion seeks the dismissal of only Counts I and II of the First Amended Complaint (the "FAC"), which allege securities fraud in violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 of the Securities and Exchange Commission and common law fraud, respectively. (D.I. 59 at 1; D.I. 3 at ¶¶ 70–83)

[2] The briefing for the partial motion for judgment on the pleadings is as follows: Defendants' opening brief (D.I. 59), Plaintiffs' answering brief (D.I. 68), and Defendants' reply brief (D.I. 73).

## II. BACKGROUND[3]

Apex Financial Options, LLC ("APEX") and Gopher Financial, LLC ("Gopher," and together with APEX, "Plaintiffs") initiated this action on January 8, 2019, when they filed the original complaint against Ryan Gilbertson ("Gilbertson"), RRG Family Capital LLC ("RRG"), Ryan Gilbertson Family 2012 Irrevocable Trust ("Gilbertson Family Trust"), and Total Depth Foundation, Inc. ("Total Depth"), asserting securities fraud, common law fraud, and breach of contract claims, and seeking a declaratory judgment and interpleader, all arising from an Equity Purchase Agreement the parties entered into on October 17, 2018. (D.I. 1) Before any defendant filed a responsive pleading, Plaintiffs filed a first amended complaint ("the FAC") on April 8, 2019, realleging the same causes of action as the original complaint and adding the United States of America as a defendant.[4] (D.I. 3)

Plaintiffs allege that, in July 2018, Gilbertson approached Peter Hajas ("Hajas"), the sole member of both APEX and Gopher, to determine whether Hajas would consider purchasing Defendants' shares (the "Purchased Equity") of various entities[5] who controlled Northern Industrial Sands, LLC ("NIS"), "a company that mines, processes, and delivers . . . frac sand." (*Id.* at ¶¶ 2, 4–5, 30–31) On October 17, 2018, Plaintiffs acquired the Purchased Equity through a sale agreement (the "Equity Purchase Agreement"). (*Id.* at ¶¶ 7, 39–40) Plaintiffs allege that

---

[3] The facts in this section are based upon allegations in the FAC (D.I. 3), which the court accepts as true for the purposes of the pending motion. *See Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010).
[4] The United States of America was dismissed with prejudice from the case on December 2, 2019, pursuant to a stipulation of dismissal. (D.I. 31)
[5] These entities are: Northern Capital Partners I, LP; Northern Capital Partners I, GP, LLC; Northern Capital Group LLC; NI Sand Holding, LLC; and NIS Investment Holding, LLC. (D.I. 3 at ¶ 4) The court refers to the shares of these entities collectively as the "Purchased Equity." (*See id.*)

Defendants made "a series of material misrepresentations" during the negotiations designed to "entice" Plaintiffs into buying the Purchased Equity at a "grossly inflated price." (*Id.* at ¶¶ 6–7)

On September 29, 2020, Defendants filed their partial motion for judgment on the pleadings. (D.I. 58) Since then, the parties have engaged in a contentious discovery process, requiring the court's involvement to resolve disputes on several occasions.[6] (*See* D.I. 61; D.I. 98) On December 2, 2020, Plaintiffs filed a motion for leave to file a second amended complaint (the "proposed SAC") pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.[7] (D.I. 85) The proposed SAC contains a request for punitive damages, a request for rescissory damages, and additional factual detail clarifying the claims alleged in the FAC.[8] (*See* D.I. 85, Ex. 1) The court granted Plaintiffs' motion prior to issuing this Report and Recommendation. (4/12/21 Oral Order)

### III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When deciding a Rule 12(c) motion for judgment on the pleadings based on an allegation that the plaintiff has failed to state a claim, the motion is analyzed under the same standards that

---

[6] On March 15, 2021, the court issued a Memorandum Order granting Defendants' motion to quash Plaintiffs' third-party subpoena in a related miscellaneous matter that was transferred to this court by the District of Minnesota. *Apex Fin. Options, LLC v. Gilbertson*, Misc. Matter No. 21-023-LPS-SRF, 2021 WL 965509 (D. Del. Mar. 15, 2021). The Memorandum Order describes discovery disputes that have arisen in this case, which the court incorporates by reference herein. *Id.* at *1–3.

[7] The briefing for the motion for leave to file a second amended complaint is as follows: Plaintiffs' opening brief (D.I. 86), Defendants' answering brief (D.I. 91), and Plaintiffs' reply brief (D.I. 93).

[8] The proposed SAC does not include a request for declaratory relief or contain an interpleader action as the FAC did. (*Compare* D.I. 3 at ¶¶ 89–98, *with* D.I. 85, Ex. 1)

3

apply to a Rule 12(b)(6) motion.  *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010), *cert. denied*, 562 U.S. 1178 (2011).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  Under this standard, the court must accept all well-pleaded factual allegations as true, and must draw all reasonable inferences in favor of the non-moving party.  *See Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).  This determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV.   DISCUSSION

Defendants argue that Plaintiffs' fraudulent inducement and securities fraud claims, as stated in the FAC, should be dismissed for various reasons, including: the bootstrapping bar, the duplicative damages bar, failure to plead facts with requisite particularity under Rule 9(b), and failure to plead scienter.[9]  (*See* D.I. 59)  Plaintiffs oppose each of Defendants' arguments. (*See* D.I. 68)  Shortly after the briefing on Defendants' motion was completed, Plaintiffs filed their motion for leave to file a second amended complaint, which was granted on April 12, 2021. (*See* D.I. 73; D.I. 85; 4/12/21 Oral Order)  Therefore, the court recommends denying Defendants'

---

[9] Defendants arguments with respect to Plaintiffs' fraudulent inducement claim closely mirror their arguments with respect to Plaintiffs' securities fraud claim. (*Compare* D.I. 59 at 10–15, *with id.* at 16–20) (advancing similar arguments regarding group pleading, Defendants' knowledge of falsity/scienter, and distinct damages)

4

partial motion for judgment on the pleadings as moot.  *See Vorobey v. Cleveland Bros. Equip. Co. Inc.*, 2018 WL 3631947, at *1–2 (M.D. Pa. July 31, 2018) (denying the defendants' motion for judgment on the pleadings related to a first amended complaint as moot in light of the court's granting the plaintiffs' subsequently filed motion for leave to file a second amended complaint); *see also Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) ("[I]n general, an amended pleading . . . supersedes the earlier pleading and renders the original pleading a nullity.").

## V.     CONCLUSION

For the foregoing reasons, I recommend that the court DENY Defendants' partial motion for judgment on the pleadings without prejudice.  (D.I. 58)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  Fed. R. Civ. P. 72(b)(2).  The objections and responses to the objections are limited to three (3) pages each.  The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court.  *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: April 12, 2021

_____
Sherry R. Fallon
United States Magistrate Judge