

**ALESSANDRA GLORIOSO**
(302) 425-7166
glorioso.alessandra@dorsey.com

May 10, 2021

<u>VIA CM/ECF</u>
The Hon. Leonard P. Stark
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street, Room 6124
Wilmington, DE 19801-3555

      Re:    APEX Fin. Options, LLC, et al. v. Ryan Gilbertson, et al.,
              C.A. No. 19-00046-LPS-SRF

Dear Chief Judge Stark:

     Plaintiffs submit this letter in response to Defendants Objections to Magistrate Judge Sherry R. Fallon's April 12, 2021 Order (the "Order") granting Plaintiffs' motion for leave to file a second amended complaint.[1]  D.I. 85.  Because Judge Fallon's Order is not clearly erroneous or contrary to the law, the Court should affirm the Order and reject Defendants' additional argument related to Judge Fallon's Report and Recommendation denying Defendants' motion for partial judgment on the pleadings.  D.I. 109.

**I.**     **Defendants' Motion Should Be Denied As Procedurally Improper**

     As an initial matter, Defendants' failure to comply with the Court's Standing Order warrants overruling their Objections. The Court's October 8, 2013 Standing Order ("Standing Order") requires that "[a]ny party filing objections . . . **must** include, along with the objections, a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and describing the good cause for failing to previously raise the new legal/factual arguments before the Magistrate Judge."  Standing Order at ¶ 5 (emphasis in original).  Defendants' Objections contain no such certification and the Objections should be overruled on that basis alone. *See, e.g.*, *Align Tech., Incl. v. 3Shape A/S*, 17-1946-LPS, 2020 U.S. Dist. LEXIS 66275, at *4-5 (D. Del. April 15, 2020) ("[T]he Objections may be overruled on the basis of 3Shape's failure to provide a sufficient certification.  It should be neither Align's nor the Court's job to divine which arguments of 3Shape's are new."); *Rogers v. Wilmington Trust Co.*, 18-116-CFC/SRF, 2019 U.S. Dist. LEXIS 163483, at * 2 (D. Del. Sept. 23, 2019) (adopting magistrate judge's recommendation based on objecting party's failure to comply with written

---

[1] Judge Fallon's Order was a non-dispositive order made pursuant to Fed. R. Civ. P. 72(a).  Defendants' Objections, however, claim to be made pursuant to Rule 72(b).  Although Rule 72(a) does not describe the procedure for responding to a party's objection to a Magistrate's order, unlike Rule 72(b), Plaintiffs' respectfully request that the Court consider this response.



May 10, 2021
Page 2

statement requirement under standing order, even where Court disagreed with rationale supporting recommendation).

Further, Defendants' Objections are improper because they raise new arguments not raised before Judge Fallon, for example, Defendants' argument about ownership of Chetek Express. Plaintiffs allege that there was undisclosed self-dealing because they were not informed that Mr. Gilbertson and/or the Trust had an ownership interest in Chetek Express at the time Chetek Express entered into agreements with NIS (in which Mr. Gilbertson and the Trust also had an ownership interest). For the first time, in their objections to Judge Fallon's order, Defendants present the argument that Mr. Gilbertson and/or the Trust did not own Chetek Express at the time Plaintiffs purchased NIS. *See* D.I. 119 at 3. Besides being irrelevant—the relevant time period is when the self-dealing transaction was entered, which even under Defendants' interpretation was when Mr. Gilbertson and/or the Trust had ownership— Defendants' argument on this point is especially troubling because it was not raised to Judge Fallon. Under this Court's Standing Order, Defendants had an obligation to identify this new factual argument and describe the good cause for failing to raise it before Judge Fallon. *See* Standing Order at ¶ 5. Defendants failed to do so and the Court should overrule the Objections for that reason alone.

## II.     Judge Fallon's Order Was Not Clearly Erroneous or Contrary to the Law

Nor can Defendants satisfy the narrow parameters for overruling a magistrate judge's order. *See* Fed. R. Civ. P. 72(a). "A magistrate judge's order 'is contrary to law only when the magistrate judge has misinterpreted or misapplied the applicable law.'" *Align Tech.*, U.S. Dist. LEXIS 66275, at *3 (quoting *Evans v. John Crane, Inc.*, LEXIS 184048, at *17 (D. Del. Oct. 24, 2019). "Under the 'clearly erroneous' standard, the Court will only set aside findings of a magistrate judge when it is 'left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Green v. Fornario*, 486 F.3d 100, 104 (3d Cir. 2007).

First, Defendants claim that Judge Fallon "clearly erred" by refusing to decide on the merits Plaintiffs' claims for rescissory damages, on their motion regarding the amended pleading. Judge Fallon's opinion is consistent with law. Defendants claim that they argued amendment would be "highly prejudicial," relying on one conclusory statement about hypothetical rescissory damages being "prejudicial." D.I. 119 at 1; D.I. 91 at 4. But Defendants' arguments center on Plaintiffs' likelihood of *ultimately obtaining* particular remedies, not whether it was appropriate to allow Plaintiffs to *plead* those remedies under Fed. R. Civ. 15(a) or 16(b)(4). As Judge Fallon correctly noted in her Order, Defendants' arguments "call for the court to weigh evidence, make factual findings, and decide on the merits of whether Plaintiffs will ultimately prevail on their requests for punitive and rescissory damages." Nor can Defendants rely upon *Gotham Partners, L.P. v. Tad's Enterprises, Inc.*, 709 A.2d 682, 699 (Del. Ch. 1996), *aff'd*, 693 A.2d 1082 (Del. 1997). In *Gotham*, the court refused to grant a plaintiff rescissory damages in the context of a post-trial damages determination, and specifically found that plaintiffs acted with delay in asserting the relevant claim. *Id.* at 698-99. Neither of those



May 10, 2021
Page 3

two important aspects of *Gotham* exists here.  Because Judge Fallon's finding regarding the nature of Defendants' arguments is not clearly erroneous, and because Defendants will have the opportunity to assert such arguments during the merits phase, the Court should overrule Defendants' Objections.

Second, Judge Fallon's finding of good cause was not clearly erroneous.[2]  As Plaintiffs explained in their opening and reply briefs, D.I. 86 at 9 & 93 at 4, Plaintiffs learned during third-party depositions in October and November 2020 certain key facts regarding: (1) ownership of Chetek Express *at the time of* Chetek Express's contracts with NIS, and (2) the change in methodology for calculating inventory in the weeks prior to the Equity Purchase Agreement.  After learning new information about inventory valuation during recent depositions, such as the deposition testimony of Mary Huhn, and through expert analysis of the financial accounting, Plaintiffs realized that the inventory misstatements prior to the Equity Purchase Agreement were not mistakes, but were intentionally designed to overstate the value of the purchased equity.  (*See id.*; D.I. 86 at 9).  Plaintiffs also received direct evidence of Mr. Gilbertson's ownership during third-party discovery, such as Steve Swanson's deposition testimony that Mr. Gilbertson was a founder and owner of Chetek Express at the time it entered its first contract with NIS in 2017.  D.I. 93 at 5.  Moreover, Chris Johnson produced documents showing that Ryan Gilbertson and/or the Trust Defendant owned Wildcat Ranch, which in turn owned Chetek Express.  *Id.*  These discoveries came after the deadline to amend, and these relate directly to newly-alleged paragraphs.  *See, e.g.,* D.I. 85-2 at ¶¶ 45, 58.

Further, Magistrate Judge Fallon correctly noted that "Plaintiffs have been diligent in seeking leave to amend to overcome Defendants' repeated objections to Plaintiffs' discovery requests based, in part, on the fact that the operative complaint lacks a specific request for punitive damages. (*See, e.g.*, D.I. 71; D.I. 102)."  Judge Fallon has twice heard discovery disputes in which Defendants refused to produce information because the word "punitive" did not exist in the Amended Complaint, despite Plaintiffs repeatedly providing authority that it had adequately stated its claim under applicable law.  *See, e.g.,* D.I. 86 at 4-5.

In summary, Judge Fallon's Order is amply supported and is not clearly erroneous, the Court should overrule Defendants' Objections.

Sincerely,

/s/ Alessandra Glorioso
(DE Bar No. 5757)

cc:     All Counsel of Record (via CM/ECF)

---

[2] Defendants also assert that Judge Fallon's Order was contrary to law, but do not identify any allegedly-incorrect legal conclusions or any authority that allegedly differs from the legal principles applied.  *Id.* at 2.  Thus, the Court should overrule Defendants' Objections on this point.