IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

APEX FINANCIAL OPTIONS, LLC and
GOPHER FINANCIAL, LLC,

   Plaintiffs,

v.

RYAN GILBERTSON, RRG FAMILY
CAPITAL LLC, RYAN GILBERTSON
FAMILY 2012 IRREVOCABLE TRUST, and
TOTAL DEPTH FOUNDATION, INC.,

   Defendants.

C.A. No. 19-46-LPS-SRF

**MEMORANDUM ORDER**

  WHEREAS, on April 12, 2021, Magistrate Judge Fallon issued an oral order ("4/12/2021 Order") granting Plaintiffs' motion for leave to file a second amended complaint (D.I. 85);

  WHEREAS, on the same day, Judge Fallon issued a Report and Recommendation ("Report") (D.I. 109) recommending that the Court, in view of the 4/12/2021 Order, deny Defendants' partial motion for judgment on the pleadings (D.I. 58) as moot, without prejudice;

  WHEREAS, on April 26, 2021, Defendants objected to the 4/12/2021 Order ("Objections" or "Objs.") (D.I. 119), contending that: (1) Judge Fallon's finding that Defendants did not argue they would be prejudiced was clearly erroneous; and (2) Judge Fallon's finding that Plaintiffs possessed good cause was contrary to the law and clearly erroneous. Defendants also insisted that, should the Court sustain their Objections, the Court must also reject the Report, as it was solely based on mootness;

  WHEREAS, on May 10, 2021, Plaintiffs responded to Defendants' Objections ("Response" or "Resp.") (D.I. 124), arguing that: (1) the Objections were defective for failure to

1

provide a certification in compliance with the Court's standing order; and (2) Judge Fallon's findings in the 4/12/2021 Order were not contrary to the law nor clearly erroneous;

WHEREAS, on May 11, 2021, Defendants filed a certification (D.I. 125), stating that their Objections did not raise any new legal or factual arguments;

WHEREAS, the Court has reviewed Defendants' Objections relating to factual findings in the 4/12/2021 Order for clear error and legal conclusions therein *de novo*, *see* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Cornell Univ. v. Illumina, Inc.*, 2017 WL 89165, at *8 (D. Del. Jan. 10, 2017) (explaining legal standards applicable to motion to amend);

NOW, THEREFORE, IT IS HEREBY ORDERED that: (1) Defendants' Objections are OVERRULED; (2) the 4/12/2021 Order and the Report (D.I. 109) are ADOPTED; and (3) Defendants' partial motion for judgment on the pleadings (D.I. 58) is DENIED as moot, without prejudice.

1. Contrary to Defendants' contention, there is no clear error in Judge Fallon's finding that "Defendants [did] not argue **under Fed. R. Civ. P. 15(a)** that they will be prejudiced as a result of Plaintiffs' motion being granted." (*See* 4/12/2021 Order) (emphasis added) The reference to prejudice in Defendants' brief was made in the context of good cause, addressing the requirements of Rule 16(b)(4), not in the context of Rule 15(a). (*See* D.I. 91 at 4) Judge Fallon correctly noted that with respect to Rule 15(a) "Defendants focus[ed] their opposition on futility" (a contention Judge Fallon rejected in a conclusion Defendants do not now challenge). (4/12/2021 Order; *see also* D.I. 91 at 6-11 (Defendants noting that prejudice is a basis on which courts generally may deny leave to amend but expressly arguing against amendment solely based on futility)) In any case, the Court is not persuaded that Defendants are suffering undue prejudice, as Plaintiffs' second amended complaint does not add new legal claims or depart from

2

existing legal theories and does not give rise to a request for additional discovery based on the new allegations. (*See* D.I. 86 at 5)[1]

2. Judge Fallon's conclusion that Plaintiffs established good cause was not contrary to the law nor clearly erroneous. Defendants appear to contend that, to establish good cause, Plaintiffs have to prove that they did not delay in seeking rescissory damages. (*See* Objs. at 2-3) ("Rather than putting Plaintiffs to the burden of proving promptness in seeking rescissory damages, as the Court must, Judge Fallon erroneously found that it would be inappropriate to weigh the evidence at that stage.") Defendants' cited cases do not require such proof at the pleading stage or in connection with a motion to amend.[2] (*See id.* at 2) (citing *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, 817 A.2d 160, 174 (Del. 2002)) Judge Fallon applied the correct legal standards and made no clear error in finding that Plaintiffs have established good cause because they acted diligently and sought leave to amend "shortly after they discovered the information supporting the proposed amendments." (4/12/2021 Order; *see also Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 85 (3d Cir. 2010) (holding that "good cause" under Rule 16(b)(4) "focuses on the moving party's burden to show due diligence"); *see also*

---

[1] In an argument that is not well-developed, Defendants suggest the amendments are prejudicial because certain escrowed funds are no longer available to satisfy a rescissory damages award, since "Plaintiffs forced the funds held in escrow to be remitted to the U.S. Government through their interpleader action." (Objs. at 2) While the first amended complaint contained an interpleader claim (*see* D.I. 3 ¶¶ 94-98), it is unclear whether Plaintiffs' "forced" the release of any funds; the second amended complaint alleges releases occurred "at the request of Defendants' counsel," facts which are admitted in Defendants' answer (*compare* D.I. 111 ¶¶ 35-36 *with* D.I. 118 ¶¶ 35-36). In any event, this argument appears to be another manifestation of Defendants' complaint about the timing of Plaintiffs' request for rescissory damages, an issue the Court is not resolving at this stage. (*See also infra* n.2)

[2] At this stage, the Court need not, and does not, reach the question of whether Plaintiffs will eventually be required to prove that there was no excessive delay in seeking rescissory damages in this case. The Delaware Supreme Court has found that a plaintiff's delay alone was ***not*** the determinative factor for denying rescissory damages and that despite a delay, rescission "nonetheless might be a possible remedy" if "a conscious scheme" for unjust enrichment is found. *See Gotham Partners*, 817 A.2d at 174-75.

D.I. 86 at 6 (explaining that "Plaintiffs provided Defendants notice of their claim for punitive and rescissory damages at least as early as August 2020, weeks before any depositions took place"); D.I. 93 at 3 ("Plaintiffs believed that, at the time of the Defendants' misrepresentations, the purchased equity had at least some value. The recent discoveries . . . caused Plaintiffs to realize that the equity was virtually worthless at the time of the sale. This fundamental difference between less value and no value at all, forms the basis for Plaintiffs' request for rescission, and was made upon timely discovery of these details."))

3. Defendants contend that Plaintiffs "fail to tie each proposed amendment to 'new information' that they could not have discovered before the motion to amend deadline on December 3, 2019." (Objs. at 2-3) Plaintiffs maintained that they learned during third-party depositions in October and November of 2020 certain key facts regarding: (1) the modified methodology for calculating inventory intentionally designed to overstate the value of the purchased equity; and (2) Mr. Gilbertson's ownership interest in Chetek Express at the time of an undisclosed self-dealing contract. These newly-learned facts are adequately tied to the allegations – and form the basis for the additional relief requested – in the second amended complaint. (*See* Resp. at 3; *see also* D.I. 86 at 9-10; D.I. 93 at 2-5) Additionally, Defendants do not object to Judge Fallon's finding that "Plaintiffs have been diligent in seeking leave to amend to overcome Defendants' repeated objections to Plaintiffs' discovery requests based, in part, on the fact that the operative complaint lacks a specific request for punitive damages." (4/12/2021 Order) Hence, the Court finds no clear error in Judge Fallon's factual findings that Plaintiffs have demonstrated the requisite due diligence for establishing good cause.

August 17, 2021
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

4