## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APEX FINANCIAL OPTIONS, LLC and GOPHER FINANCIAL, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 19-046-LPS-SRF |
| RYAN GILBERTSON, *et al.*, | ) ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

At Wilmington this **9th** day of **November 2021**, the court having considered the parties'

letter submissions regarding Plaintiffs' motion to compel responses to Interrogatory No. 8 and a

reframed Third Set of Requests for Production ("RFP") No. 16 (D.I. 211),[1] IT IS HEREBY

ORDERED that Plaintiffs' motion to compel is DENIED.

      **1.**      **Background.**  On August 13, 2020, Plaintiffs served on Defendants Plaintiffs'

First Set of Interrogatories, which included the Interrogatory 8 at issue.  (*See* D.I. 213, Ex. C)

On March 3, 2020, Plaintiffs served on Defendants Plaintiffs' First RFP of Documents to Ryan

Gilbertson ("Mr. Gilbertson"), which included RFP Nos. 30, 32, and 33 requesting information

concerning Mr. Gilbertson's unrelated criminal conviction, any documents he may have

provided to the federal government concerning his present net worth, and the Presentence

Investigation Report.[2] (*See* D.I. 213, Ex. D)

---

[1] The briefing for the present discovery dispute motion is as follows: Plaintiffs' moving submission (D.I. 213) and Defendants' responsive submission (D.I. 214).
[2] In June 2018, Mr. Gilbertson was convicted of wire fraud, six counts of securities fraud, and one count of conspiracy to commit securities fraud.  (D.I. 111 at ¶ 20)

2.      Since that time, the court has twice denied as overbroad Plaintiffs' requests to compel Defendants' financial information.  Following the October 20, 2020 discovery dispute hearing, the court denied Plaintiffs' request to compel Defendants' financial information, but allowed Plaintiffs to "serve upon defendants rephrased and narrowed discovery requests related to the topics plaintiffs sought to compel in their motion (D.I. 70)."  (10/20/20 Oral Order) Subsequently, on October 27, 2020, Plaintiffs served on Defendants Plaintiffs' Third RFP, which included RFP No. 16 ("Documents You provided to the United States Probation Office, the United States Department of Justice, or the United States Attorney's Office, illustrating Your net worth for the purposes of sentencing in the criminal case *United States v. Gilbertson*, 17-cr-00066 in the United States District Court for the District of Minnesota").  (*See* D.I. 213, Ex. E) The court on March 11, 2021 held a second discovery dispute hearing regarding Plaintiffs' motion to compel Defendants' financial information and again held that Plaintiffs' requests were overbroad and not narrowly tailored or tethered to the allegations in the First Amended Complaint ("FAC").  (*See* 3/11/21 Oral Order)  Plaintiffs were granted leave of court to file their Second Amended Complaint ("SAC") on April 13, 2021, to include specific relief for punitive and rescissory damages.  (D.I. 111)

3.      **Legal standard.**  Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1); *see also Democratic Nat'l Committee v. Republican Nat'l Committee*, 2019 WL 117555, at *2 (3d Cir. Jan. 7, 2019) ("The court may limit discovery to ensure its scope is proportional to the needs of a case.").  A party may move for an order compelling discovery pursuant to Rule 37.  Fed. R. Civ. P. 37(a).  The party moving to compel discovery bears the burden of demonstrating the relevance

of the requested information. *See Del. Display Grp. LLC v. Lenovo Grp. Ltd.*, C.A. Nos. 13-

2108-RGA *et al.*; 2016 WL 720977, at *2 (D. Del. Feb. 23, 2016) (citing *Inventio AG v.*

*ThyssenKrupp Elevator Am. Corp.*, 662 F. Supp. 2d 375, 381 (D. Del. 2009)).

     **4.**    **Analysis.**  For the reasons set forth below, Plaintiffs' motion to compel

Defendants to respond to the discovery requests is DENIED.

     **5.**    The operative pleading is the Second Amended Complaint ("SAC").[3]  (D.I. 111)

Accepting the allegations of the SAC as true for purposes of the instant dispute, it is sufficient to

support a claim for punitive damages. (*See* D.I. 111 at ¶ 90)  However, satisfying the pleading

requirements does not open the door to the full extent of the discovery which Plaintiffs seek to

compel.  The court begins with examining the written discovery requests in issue to determine if

they fall within the relevance and proportionality requirements of Fed. R. Civ. P. 26.

     **6.**    Here, Plaintiffs seek to compel all Defendants to answer Interrogatory No. 8,

which asks each Defendant to state their "net worth." (D.I. 213 at 4)  Plaintiffs also seek to

compel Defendant Gilbertson's responses to a reframed Third Set of Requests for Production No.

16 ("RFP No. 16"), which requests "Documents *sufficient to show* the net worth information You

provided to the United States Probation Office, the United States Department of Justice, or the

United States Attorney's Office, for the purposes of sentencing in the criminal case *United States*

*v. Gilbertson*, 17-cr-00066 in the United States District Court for the District of Minnesota."[4]

(*Id.*)

---

[3] At the time leave was granted, discovery had been closed for several months (*See* D.I. 97 at ¶ 3)
therefore, Defendants' untimeliness arguments have no bearing on the outcome of the dispute.
[4] Plaintiffs in their moving submission also identify First Set of RFP No. 32. (*See* D.I. 213 at 1)
However, Plaintiffs have since withdrawn the motion as to RFP No. 32, which is substantially
similar to RFP No. 16, a request Plaintiffs say they revised to include the language "sufficient to
show" so that it is allegedly no longer as broad a request. (*Id.* at 2)

7.      The court denies Plaintiffs' motion to compel all Defendants to answer
Interrogatory No. 8 as to the net worth of each Defendant because it is overbroad, unlimited in
time or scope and gives no reasonable guidance on what information is targeted, as the term is
not defined anywhere in the interrogatories.  Without more, it would be speculative for the court
to assign a general definition, such as, total assets less total liabilities.  Furthermore, the court
will not rewrite a vague and overbroad interrogatory.  Overbroad requests that encompass time
periods or activities beyond those at issue in the case fail under Fed. R. Civ. P. 26 because they
are of questionable relevance.  The court will not permit Plaintiffs to delve without limitations
into the finances of each Defendant.

8.      When courts allow net worth financial discovery in cases involving punitive
damages claims, it is typically restricted to "current" net worth, not a look-back at multiple years
of financial discovery.  In the Eastern District of Pennsylvania, the court has held that "[p]ast
earnings and worth cannot reasonably lead to relevant information on the issue of punitive
damages" because the pertinent issue is Defendants' current net worth. *Security Ins. Co. of
Hartford v. Meyer Trading Co., Inc.*, 1987 WL 8207, at *2 (E.D. Pa. March 20, 1987); *See also
Clark v. Com. of Pa.*, 1994 WL 396478, at *3 (E.D. Pa. July 21, 1994) (limiting discoverable
financial information to only defendant's current net worth).  Additionally, under Delaware Law,
"a party seeking punitive damages is not entitled to a complete picture of a defendant's financial
condition; rather, the focus is upon a defendant's net worth." *Walbert v. C.F. Schwartz Motor
Co., Inc.*, 1987 WL 9609, at *2 (Del. Super. Ct. Mar. 31, 1987)  Moreover, "[e]vidence of the
defendant's wealth is *admissible to enable the jury to assess a penalty which will appropriately
punish and deter*, since the degree of punishment or deterrence resulting from a judgment is to
some extent in proportion to the means of the guilty person." *Strauss v. Biggs*, 525 A.2d 992,

4

1000 (Del. May 18, 1987) (internal quotations and citations omitted, emphasis added).  Instead,

Plaintiffs' current motion appears more likely directed to re-opening liability discovery into Mr.

Gilbertson's alleged ownership and control of the co-defendants and his financial transactions

over the years.  (*See* 10/20/20 Tr. 7:21-8:3) ("It has to do with whether there was a self-interest

or there were self-dealings in some of these transactions"); (*See also* 10/20/20 Tr. 9:22-10:16)

("we need to be able to understand who controlled and at what point the different corporate

entities that are involved here…we're simply asking for some basic financial information…that

will give us visibility").  Plaintiffs allege in the SAC that their research contradicts information

Defendants provided to show Mr. Gilbertson's lack of ownership interest in the Defendant

entities. (D.I. 111 at ¶¶ 68-73)  Plaintiffs use of language indicating that they have "reasons to

worry," have "concerns," or see "red flags" without specifying the factual underpinnings for

their skepticism requires the court to deny such requests on the basis that discovery may not be

used as a fishing expedition.  (*Id.* at ¶¶ 72-73)

       **9.**     Similarly, RFP No. 16 directed to Mr. Gilbertson does not pass muster.  The court

has already instructed Plaintiffs that criminal restitution and punitive damages in a civil matter

do not serve the same purposes.  (*See* D.I. 104 at 20:7-21:8)  It is undisputed by the parties that

Mr. Gilbertson was sentenced in 2018 and was ordered to pay restitution of over $15 million.

(*See* D.I. 111 at ¶ 34; *See also* D.I. 214 at 4)  Therefore, whatever financial information Mr.

Gilbertson provided to the Government for calculating criminal restitution as part of his

sentencing has no relevance to his current net worth for punitive damages.  An outdated net

worth figure will not fulfill the purpose of  "enabl[ing] the jury to assess a penalty which will

appropriately punish and deter." *Strauss*, 525 A.2d at 1000.  Similar to Plaintiffs' request in

Interrogatory No. 8, Plaintiffs likely seek this information for purposes unrelated to punitive

damages calculations. (*See* 10/20/20 Tr. 21:23-22:10) ("this again goes to the self-interested transactions. So we believe that an accurate or truthful statement concerning net worth that would be supplied to the government should indicate that Mr. Gilbertson has an ownership interest in Chetek Express...we also need to see the specific financial disclosures to ascertain whether there was any other self-dealing that we haven't yet uncovered from third-party sources.")

10.     Plaintiffs properly submitted this motion following amendment to the operative pleading. Therefore, the court denies Defendants' request for attorneys' fees and costs associated with this motion. (*See* D.I. 214 at 4)

11.     **Conclusion.** In view of the foregoing analysis, IT IS HEREBY ORDERED that Plaintiffs' motion to compel is DENIED without prejudice. (D.I. 211)

12.     This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to three (3) pages each.

13.     The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge

6