IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APEX FINANCIAL OPTIONS, LLC AND GOPHER FINANCIAL, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>RYAN GILBERTSON, RRG FAMILY CAPITAL LLC, RYAN GILBERTSON FAMILY 2012 IRREVOCABLE TRUST, AND TOTAL DEPTH FOUNDATION, INC.,<br><br>*Defendants*. | Civil Action No. 19-0046-WCB-SRF |

## MEMORANDUM ORDER

On November 9, 2021, Magistrate Judge Fallon issued an order denying without prejudice the plaintiffs' motion to compel discovery with respect to Interrogatory No. 8 and a reframed Third Set of Requests for Production No. 16. Dkt. No. 216; *see also* Dkt. No. 221 (transcript of Nov. 9, 2021, hearing). On November 23, 2021, the plaintiffs objected to the November 9 order, contending that the information sought was highly relevant to the plaintiffs' claims and that the order was erroneous in holding that the requests were overly broad. Dkt. No. 222. The defendants responded to the plaintiffs' objections, arguing that the inquiry into the defendants' net worth was vague, overbroad, and irrelevant; and that the request for certain materials that defendant Ryan Gilbertson provided to the government in 2018 in connection with his criminal case was objectionable on grounds of irrelevance and overbreadth. Dkt. No. 225. During the hearing on the motion to compel, the plaintiffs requested that, if the court were inclined to deny the motion, the denial should be without prejudice, "so if it becomes clear [that the information] is necessary at a later stage, we're not precluded from gaining [that] information." Dkt. No. 221, at 6.

1

Because Judge Fallon's order denying without prejudice the plaintiffs' motion to compel was not clearly erroneous or contrary to law, *see* Fed. R. Civ. P. 72(a), the plaintiffs' objections are overruled.

Judge Fallon denied the motion to compel the defendants to respond to Interrogatory No. 8 on two grounds. First, the court held that the interrogatory, which called for the defendants to "State the net worth for each Defendant," was not sufficiently specific, because the interrogatory did not define the term "net worth" and was unlimited in time and scope. Second, the court held that the inquiry into net worth was not shown to be relevant to the liability issues in the case.

With respect to the motion to compel a response to Request for Production No. 16, Judge Fallon denied the motion on the ground that the financial information Mr. Gilbertson produced for the government at the time of his criminal prosecution was not shown to be relevant to the liability issues in the case. In addition, Judge Fallon concluded that the evidence of Mr. Gilbertson's net worth at the time of his criminal case had little to do with his current net worth, particularly because he had been required to pay restitution in the amount of $15 million in his criminal case. Dkt. No. 216, at 5; Dkt. No. 221, at 21.

Judge Fallon was correct that the inquiries into the defendants' net worth and the financial information provided to the government in 2018 are not relevant to the liability issues in the case. Although the plaintiffs challenge Judge Fallon's ruling that the term "net worth" in Interrogatory No. 8 was too vague, that argument, even if correct, does not justify overturning Judge Fallon's ruling on the motion to compel, because the plaintiffs have failed to show that the requested information under either Interrogatory No. 8 or Request for Production No. 16 were relevant to liability issues in the case.

Judge Fallon's order denying the motion to compel without prejudice means that if liability is found and the court is required to consider the issue of punitive damages, the request for information regarding the defendant's net worth can be raised anew. For that reason, Judge Fallon's order properly serves the interests of both parties: it protects against requiring the defendants to produce financial information that is not relevant to the liability issues at trial, but at the same time it ensures that if punitive damages become a live issue in the case, the plaintiffs will be able to seek financial information that is pertinent to the punitive damages issue. *See Liqwd, Inc. v. L'Oreal USA, Inc.*, No. 17-cv-14, 2019 WL 2775515, at *1 (D. Del. July 2, 2019) ("If during trial conduct that would support punitive damages becomes apparent, the Court will entertain a motion at that time to permit such testimony.").

The plaintiffs argue out that a defendant's financial condition is highly relevant to the imposition of punitive damages. That position that has been accepted by a number of courts. *See, e.g., Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 21–22 (1991) (citing Alabama law); *TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 462 n.28 (1993) (plurality opinion); *Shaw v. Biggs*, 525 A.2d 992, 1000 (Del. 1987); *Adams v. Murakami*, 54 Cal. 3d 105, 109–12 (1991); *Jonathan Woodner Co. v. Breeden*, 665 A.2d 929, 941 & n.19 (D.C. 1995); *Powers v. Rosine*, 956 N.E.2d 583, 586 (Ill. App. Ct. 2011); *Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 803 (Pa. 1989); *Lunsford v. Morris*, 746 S.W.2d 471, 473 (Tex. 1989). At the same time, the admission of such evidence, at least in a jury trial, poses the risk that "the presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses," *Honda Motor Co. v. Oberg*, 512 U.S. 415, 432 (1994). Without prejudging that question, or speculating as to what kind of financial information may bear on the punitive damages issue, it is clear that Judge Fallon's order on the motion to compel did not foreclose the plaintiffs

3

from seeking the disclosure of such information if, in the future, the issue of punitive damages is presented in this case.

Counsel for both sides recognized that the production of financial information could be justified if liability were established and the court was called on to address a claim for punitive damages. In fact, counsel for the plaintiffs requested that if the court denied the motion the denial should be made without prejudice for precisely that reason. Dkt. No. 221, at 6. Counsel for the defendants argued that the information in dispute was not relevant to liability and that "plaintiffs don't need this information until after they prevail . . . at trial. And then at that point, I think its relevant to discuss the financial position of the defendants, but that current relationship isn't necessary right now." *Id.* at 13. In response to questioning from Judge Fallon, counsel conceded that if the issue of punitive damages were to arise at trial, then information as to the defendants' financial conditions would be producible. *Id.* at 13–14. The exchange between the court and counsel for the defendants was as follows:

> THE COURT: Assuming hypothetically that . . . [f]or purposes of this discovery dispute, I construe the allegation[s] that support a demand for punitive damages in the Second Amended Complaint as true.
> Assume, secondly, that those claims supporting punitive damages survive summary judgment and get to trial.
> When, in that time frame, and how would it work if the Court were to accept your argument that this type of discovery can be provided later on in terms of current net worth when it becomes relevant?
> MR. SULLIVAN [counsel for defendants]: Your Honor, as far as timing and assuming all of those prior conditions are met, the timing for this financial information is once the Court determines that there is going to be a punitive damages amount, then the Court can look into [Mr. Gilbertson's] financial status along with the defendants to determine the level of punitive damages because that is, based on the case law, punitive damages should be proportional to the defendant's net worth to deter. . . .
> I think after the bench trial and maybe once the Court makes a ruling regarding punitive damages, then at that point we can disclose the financial conditions of the various defendants.

4

In light of that exchange, it is clear that Judge Fallon's order barred the production of the requested information for purposes of the liability phase of the trial—as to which the information was irrelevant—but preserved the plaintiffs' right to seek that information in the even the issue of punitive damages—as to which the information might be relevant—became ripe for decision. As such, Judge Fallon's order on the motion to compel reasonably balanced the interests of both parties as to the discovery issue before her.

To be sure, several district courts within the Third Circuit have held that, in order to avoid the inconvenience of bifurcation of the liability and damages phases of the trial, discovery of net worth should be permitted even before liability has been adjudicated. *See Hirtle Callaghan Holdings v. Thompson*, Civil Action No. 18-2322, 2021 WL 1163739, at *5 (E.D. Pa. Mar. 26, 2021); *Robinson v. Horizon Blue Cross-Blue Shield of New Jersey*, Civil Action No. 2:12-CV-02981, 2013 WL 6858956, at *4 (D.N.J. Dec. 23, 2013) (citing cases); *E.J. Lavino & Co. v. Universal Health Servs., Inc.*, Civ. A. No.89-2717, 1991 WL 275767, at *1 (E.D. Pa. Dec. 20, 1991). On the other hand, the Third Circuit has held that it is not an abuse of discretion for a trial court to bifurcate the issue of liability from the issue of the amount of punitive damages in order to avoid the risk that the jury's knowledge of the defendant's net worth might influence its assessment of compensatory damages. *McCann v. Miller*, 502 F. App'x 163, 171 (3d Cir. 2012).

Because this case will be tried to the court, separating the liability and damages issues for purposes of trial is not as problematic as it would be in the case of a jury trial. The concerns expressed in the cases cited above are therefore not as significant in this case. Nonetheless, to avoid delay in the proceedings, the defendants should be prepared to disclose Mr. Gilbertson's net worth promptly at the conclusion of the liability phase of the trial if the court concludes that the plaintiffs have set forth a prima facie case as to liability.

Judge Fallon's ruling on the motion to compel thus does not prejudice the plaintiffs' interest in obtaining information relevant to the issue of punitive damages if and when that issue is presented in the course of the proceedings. The plaintiffs' objections to Judge Fallon's November 9, 2021, rulings on the plaintiffs' motion to compel are therefore overruled.

IT IS SO ORDERED.

SIGNED this 13th day of December, 2021.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE