IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APEX FINANCIAL OPTIONS, LLC AND GOPHER FINANCIAL, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>RYAN GILBERTSON, RRG FAMILY CAPITAL LLC, RYAN GILBERTSON FAMILY 2012 IRREVOCABLE TRUST, AND TOTAL DEPTH FOUNDATION, INC.,<br><br>*Defendants*. | Civil Action No. 19-0046-WCB-SRF |

## MEMORANDUM OPINION AND ORDER

As part of the parties' Proposed Pretrial Order, Dkt. No. 227, the plaintiffs filed three motions in limine, Dkt. No. 227, Exhs. E–G, and the defendants filed one motion in limine, Dkt. No. 227, Exh. H.  This order provides my rulings on those motions.

**1. Net Worth of Plaintiffs and Peter Hajas**

In their first motion in limine, the plaintiffs argue that the defendants should be precluded from introducing evidence of the net worth or financial condition of the plaintiffs and their sole owner, Peter Hajas.  Dkt. No. 227, Exh. E, Plaintiffs' Motion at 1.  Specifically, the plaintiffs argue that such information is irrelevant, and even if it is relevant, it should be excluded under Federal Rule of Evidence 403 because it would be unfairly prejudicial to the plaintiffs.  *Id.*  The defendants argue that the plaintiffs' financial condition is relevant to the reliance element of the plaintiffs' securities fraud and common law fraud claims, and that there is no risk of prejudice should such evidence be admitted.  Dkt. No. 227, Exh. E, Defendants' Response at 2–3.

1

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.  Reasonable reliance is an element of both common law fraud and securities fraud. *Abry Partners V, L.P. v. F & W Acquisition LLC*, 891 A.2d 1032, 1050 (Del. Ch. 2006) (listing the elements of common law fraud); *AES Corp. v. Dow Chem. Co.*, 325 F.3d 174, 178 (3d Cir. 2003) (listing the elements of securities fraud).  Put another way, the plaintiffs' reliance on the defendants' allegedly false statements must be reasonable in order for the plaintiffs to prevail on their fraud claims.  The plaintiffs' financial condition is evidence of their sophistication, which is a relevant consideration in determining whether a plaintiff reasonably relied on a defendant's statement.[1]  *AES*, 325 F.3d at 178–79.  Although the plaintiffs' financial condition may not be highly probative of reasonable reliance in this case, it has some tendency to make the reasonableness of the plaintiffs' reliance more or less probable.  Accordingly, I hold that evidence of the plaintiffs' financial condition is relevant.

With respect to the plaintiffs' claim of unfair prejudice, that assertion is not persuasive because this case is being tried to the court rather than a jury.  Courts in this district have consistently exercised restraint in applying Rule 403 in a bench trial "because the Court is capable of assessing the probative value of the [evidence] and excluding any arguably improper inferences."  *nCube Corp. v. SeaChange Int'l Inc.*, No. 01-cv-011, 2012 WL 4863049, at *7 (D. Del. Oct. 9, 2012), *aff'd*, 732 F.3d 1346 (Fed. Cir. 2013) (quoting *Tracinda Corp. v.*

---

[1] The plaintiffs argue that "sophistication is not evidenced by a party's current net worth." Dkt. No. 227, Exh. E, Plaintiffs' Reply at 1.  That argument is not supported by the case law, as courts have previously considered a party's wealth in assessing its level of sophistication.  *See, e.g.*, *Myers v. Finkle*, 950 F.2d 165, 168 (4th Cir. 1991) (identifying "wealth" as "an important factor" in determining whether a party is sophisticated); *Triad Cap. Mgmt., LLC v. Priv. Equity Cap. Corp.*, No. 07 C 3641, 2010 WL 10076449, at *3 (N.D. Ill. Nov. 22, 2010) (A party's "net worth is relevant to" the issue of "reasonable reliance.").

*DaimlerChrysler AG*, 362 F. Supp. 2d 487, 497 (D. Del. 2005)); *see also Noven Pharms., Inc. v. Actavis Lab'ys UT, Inc.*, No. 15-cv-249, 2017 WL 319238, at *2 (D. Del. Jan. 19, 2017); *Belcher Pharms., LLC v. Hospira, Inc.*, No. CV 17-775, 2019 WL 2425979, at *1 (D. Del. May 31, 2019). Accordingly, the plaintiffs' motion in limine regarding the plaintiffs' and Mr. Hajas' financial condition is DENIED.

### 2. Remote Testimony

In their second motion in limine, the plaintiffs argue that the defendants should be precluded from presenting the testimony of five witnesses via videoconference. The five witnesses listed by the plaintiffs are Ryan Gilbertson, Brian Gilbertson, Steve Swanson, Darren Kray, and Chris Johnson. Dkt. No. 227, Exh. F, Plaintiff's Motion at 1. Under Federal Rule of Civil Procedure 43(a), remote testimony of an available witness is permitted only "[f]or good cause in compelling circumstances and with appropriate safeguards." The plaintiffs argue that the defendants have not made a sufficient showing of good cause, compelling circumstances, or appropriate safeguards.

I have previously ruled that Ryan Gilbertson will be permitted to testify remotely from FCI Oxford, a federal correctional institution in Oxford, Wisconsin. Dkt. No. 246. Accordingly, the plaintiffs' motion is denied as moot with respect to Ryan Gilbertson.

With respect to the other witnesses, the defendants cite concerns associated with the COVID-19 pandemic as the "good cause" required under Rule 43(a). Dkt. No. 227, Exh. F, Defendants' Response at 2–3. As I previously noted with respect to Ryan Gilbertson, "it is difficult to predict with confidence what the state of the pandemic will be in May 2022, when this trial is set to occur." Dkt. No. 246 at 9. Unlike Ryan Gilbertson, however, the other witnesses are not incarcerated, so travel arrangements could be made for them on relatively short notice. I will

therefore defer ruling on the balance of this motion until the trial gets closer, at which point I can determine whether the state of the pandemic at that time justifies the use of remote testimony as to the other four witnesses.

### 3. **Advice of Counsel**

In their third motion in limine, the plaintiffs argue that the defendants should be precluded from presenting evidence or arguments that the defendants relied on the advice of counsel in making representations in the Equity Purchase Agreement. Dkt. No. 227, Exh. G, Plaintiffs' Motion at 1. It is not entirely clear what the parties' positions are with respect to this issue. I therefore will defer ruling on the motion at present and I will direct the parties to provide additional briefing on this issue, as follows: The plaintiffs are ordered to file a supplemental letter brief answering the following questions:

- Is it your position that the defendants were required to affirmatively disclose that they are relying on the advice of counsel defense? If so, what legal authority exists for such a requirement?

- Did you ask in a contention interrogatory or in any other manner whether the defendants intended to rely on an advice of counsel defense? If so, what was the response?

- Do you dispute the defendants' assertion that nearly identical versions of the allegedly new exhibits were produced during discovery? *See* Dkt. No. 227, Exh. G, Defendants' Response at 2.

- The defendants appear to argue that the disclosure of email correspondence between Ryan Gilbertson and the Faegre law firm constituted a waiver of privilege with respect

  to the Equity Purchase Agreement.  *See id.* at 4.  Do you agree?  Is your argument that those documents were inadvertently produced?

- Your motion in limine argues that the defendants are "apparently withholding another 1,133 [documents] that may be related to this topic."  Dkt. No. 227, Exh. G, Plaintiffs' Motion at 3.  The defendants assert that they provided a privilege log.  Dkt. No. 227, Exh. G, Defendants' Response at 3.  Is it your position that any of those documents were improperly withheld, or that the privilege log contained an inadequate disclosure of the contents of those documents, or that some of those documents related to the Equity Purchase Agreement?

The supplemental letter of no more than five pages is due within seven days of the filing of this order.  The defendants may file a letter response of no more than five pages within seven days of the service of the plaintiffs' letter.  I may order additional briefing or oral argument in this issue if further questions arise following the submission of the parties' supplemental letters, or I may postpone ruling on the issue until the pretrial conference.

  **4. <u>Use of Deposition Testimony</u>**

  In their only motion in limine, the defendants argue that the plaintiffs should not be allowed to introduce the deposition testimony of Ryan Gilbertson for any purpose other than impeachment.  Dkt. No. 227, Exh. H, Defendants' Motion at 1.  The defendants acknowledge that Federal Rule of Civil Procedure 32(a)(3) allows an adverse party to use the deposition testimony of a party "for any purpose."  Such testimony is also non-hearsay.  *See* Federal Rule of Evidence 801(d)(1), (d)(2)(A).  Nonetheless, the defendants argue that Mr. Gilbertson's deposition testimony should be excluded under Federal Rule of Evidence 403 as being duplicative and a waste of time.  Dkt. No. 227, Exh. H, Defendants' Motion at 2.

The problem with the defendants' argument is that it assumes the purposes for which the plaintiffs will offer Mr. Gilbertson's deposition testimony. The plaintiffs suggest that they may "introduce non-duplicative targeted portions" of his testimony "without requiring trial time." Dkt. No. 227, Exh. H, Plaintiffs' Response at 1. The plaintiffs also correctly point out that "[n]owhere within the text of the rule is any limitation relating to a party's availability to testify." *Id.* I therefore will not impose a blanket restriction on the purposes for which the plaintiffs may introduce Mr. Gilbertson's deposition testimony.

That is not to say, however, that Mr. Gilbertson's deposition testimony will be admissible in every instance. Should the plaintiffs seek to introduce at trial portions of Mr. Gilbertson's deposition testimony that are unduly cumulative or tend to waste time, I reserve the right to exclude the testimony at that time. But a blanket prohibition on introducing the testimony for any purpose other than impeachment would be premature at this point, and the defendants' motion is therefore DENIED.

IT IS SO ORDERED.

SIGNED this 3rd day of March, 2022.

WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE