IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APEX FINANCIAL OPTIONS, LLC AND<br>GOPHER FINANCIAL, LLC,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>RYAN GILBERTSON, RRG FAMILY<br>CAPITAL LLC, RYAN GILBERTSON<br>FAMILY 2012 IRREVOCABLE TRUST,<br>AND TOTAL DEPTH FOUNDATION, INC.,<br><br>    *Defendants*. | § § § § § § § § § § § § § § § § | Civil Action No. 19-0046-WCB-SRF |

**<u>FINAL PRETRIAL ORDER</u>**

On December 8, 2021, the parties submitted a Proposed Final Pretrial Order ("PFPO") in this case. Dkt. No. 227. The trial was subsequently rescheduled for the week of May 9, 2022. A telephonic pretrial conference is scheduled for April 25, 2022, at 10:00 a.m., Eastern Time.

Much of the PFPO consists of the parties' views of the factual and legal issues that will arise in this case. Those portions of the PFPO are quite helpful to the court. Because those materials do not entail or require rulings or directions from the court regarding the conduct of the trial, it is unnecessary for me to endorse those portions of the PFPO. Other provisions of the PFPO, such as the provisions dealing with trial exhibits, have been dealt with through other orders of the court and through the cooperation of the parties. Still other portions of the PFPO, however, consist of the parties' proposals for directions by the court regarding certain aspects of the conduct of the proceedings that have not been otherwise addressed. This order is directed to those portions of the PFPO. In particular, the portions of the PFPO that are addressed in this order are those found in

1

sections V.D and VI.B of the PFPO, the sections dealing with testimony by deposition and demonstrative exhibits.

### 1. Testimony by Deposition

In Exhibits A and B to the PFPO, the parties set forth their proposed deposition designations, counter-designations, and objections to the opposing party's deposition testimony. The court will adopt much of the parties' proposal with regard to the treatment of deposition testimony. In particular, the court will order the following, taken from pages 44 through 45 of the PFPO:

Any party may use any deposition designation that is listed on the opposing party's designation exhibit, to the same effect as though it were on its own designation list exhibit, subject to all evidentiary objections.

The parties agree that, in response to a given designation for a witness, each party can submit its counter-designated portions of the witness's deposition into evidence along with the opposing party's raised objections, if any. The parties may also choose to play or read any counter-designation on that party's list of counter-designations for that witness, so long as the counter-designation selected to be read or played is limited in scope to the subject of the given designation and provided for completeness, and subject to the parties' rights to object to specific counter-designations.

Deposition testimony may be submitted into evidence along with the opposing party's counter-designations and raised objections, if any. The parties may also choose to read or play deposition testimony in open court at the election of the offering party, as follows: if a party opts to introduce deposition testimony by reading a transcript or by playing a videotape or DVD, any counter-designations of that same witness's deposition testimony must also be read or played in

the same manner and will be introduced simultaneously in the sequence in which the testimony was originally given. The time available for each party's trial presentation shall be reduced by the length of its designations and counter-designations.

All irrelevant and redundant material, including colloquy between counsel and objections, will be eliminated when the deposition is read or played at trial.

When the witness is called to testify by deposition at trial, the party calling the witness shall provide the court with two copies of the transcript of the designations and counter-designations that will be read or played. The parties will be charged for all time that elapses from the tie the witness is called until the next witness is called, according to the proportions to be provided by the parties.

If there are objections that will need to be resolved, counsel will meet and confer on or before April 27, 2022, to resolve any continuing objections. If any objections remain outstanding, the parties will submit the transcript and a summary of the objections to the court on or before April 29, 2022. To the extent possible, the court will rule on the deposition designations and counter-designations before trial. The court will schedule a telephonic conference in advance of the trial if a conference would be necessary and useful to resolve any remaining disputes over the admission of deposition designations and counter-designations.

**2. Demonstrative Exhibits**

Because this case will be tried to the court, few if any demonstrative exhibits should be necessary. To the extent that the parties choose to use demonstrative exhibits, however, the following provisions will apply:

A copy of any demonstrative exhibit to be used on the first day of trial will be provided to the opposing side and submitted to the court by 3 p.m., Eastern Time, on May 4, 2022. Any

3

objection to such demonstrative exhibit or exhibits will be due for service and filing by 3 p.m., Eastern Time, on May 5, 2022. The court will expect to rule on the objection or objections before the close of business on May 6, 2022. Thereafter, any party electing to use demonstrative exhibits during the trial will provide the court and the opposing side with copies of those proposed demonstrative exhibits by 6:30 p.m. the day before their intended use. Any objections to the demonstrative exhibits must be filed no later than 8:30 p.m. the day before their intended use.

This provision does not apply to demonstrative exhibits created during testimony or demonstrative exhibits to be used for cross-examination. In neither of those cases does the proponent need to provide the demonstrative exhibit to the other side in advance of its use. In addition, blow-ups or highlights of exhibits or parts of exhibits or testimony are not regarded as demonstrative exhibits and are not required to be provided to the other side in advance of their use.

Any questions regarding matters addressed in this order can be raised during the pretrial conference on April 25, 2022.

IT IS SO ORDERED.

SIGNED this 18th day of April, 2022.

_/s/ William C. Bryson_
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE