# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APEX FINANCIAL OPTIONS, LLC AND GOPHER FINANCIAL, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>RYAN GILBERTSON, RRG FAMILY CAPITAL LLC, RYAN GILBERTSON FAMILY 2012 IRREVOCABLE TRUST, AND TOTAL DEPTH FOUNDATION, INC.,<br><br>*Defendants*. | Civil Action No. 19-0046-WCB-SRF |

## MEMORANDUM OPINION

On August 18, 2022, I issued my findings of fact and conclusions of law in this case. Dkt. No. 281. Ultimately, I found that the defendants had breached the Equity Purchase Agreement ("EPA") by failing to disclose five material contracts on Schedule 2.15 of that agreement, and that as a result of the breach the plaintiffs were entitled to $227,039 in damages. *Id.* at 52.

As part of the findings of fact and conclusions of law, I directed the parties to docket a proposed form of judgment, and if they could not agree on a proposed judgment, to file briefs explaining their positions on any disputed issues. *Id.* at 52–53. The parties could not agree on a proposed form of judgment, so they filed briefs in which they disputed various aspects of the scope of liability in this case, including how to allocate the recovery between the two plaintiffs, whether two of the defendants are liable for the judgment, and whether and to what extent the plaintiffs are entitled to prejudgment interest. Dkt. Nos. 283, 285. After receiving those briefs, I asked the parties to file supplemental letter briefs directed to the issues relating to the parties' proposed forms of judgment. The parties filed those letters on September 1 and 8, 2022. Dkt. Nos. 286, 287, 289.

1

I have reviewed the parties' submissions and have prepared a judgment that will be filed concurrently with this opinion. For the benefit of the parties, this opinion explains my resolution of several of the disputed issues in the parties' briefs regarding their proposed forms of judgment.

1.  The defendants first argue that plaintiff APEX Financial Options, LLC, ("APEX") is not entitled to any portion of the damages award because I found that the entirety of the damages award was attributable to the class A shares, and only plaintiff Gopher Financial, LLC, ("Gopher") purchased class A shares as part of the Equity Purchase Agreement. It is true that APEX did not directly purchase any class A shares as part of the EPA, but APEX did purchase an equity interest Northern Capital Group, LLC, ("NCG"). NCG is "is an equityholder and the sole manager of NIS Investment Holding, LLC," which "owns all of the Class A-1 Units in NI Sand." PX001.001. Accordingly, APEX acquired an indirect interest in the class A shares of NIS and is therefore entitled to a portion of the damages award. I will accept the plaintiffs' proposed allocation of liability, which allocates 2.47% of the award to APEX and 97.53% of the award to Gopher.

2.  The defendants next argue that defendants Ryan Gilbertson Family 2012 Irrevocable Trust ("the Trust") and Total Depth Foundation, Inc., ("Total Depth") are not liable for the damages award because the Trust and Total Depth sold only class B shares of NIS, to which I found no damages were attributable.

That argument is unpersuasive for two reasons. First, regardless of whether any amount of damages is attributable to their breaches of the EPA, the Trust and Total Depth warranted jointly with the other defendants in the EPA that all material contracts had been disclosed on Schedule 2.15, and they breached the EPA by failing to disclose those contracts. Second, I have already found that the defendants are jointly and severally liable for the breach of the EPA. Dkt. No. 281 at 51–52. By jointly agreeing to perform the obligations of the EPA, each defendant may be held

2

liable for any injury resulting from the failure to perform those obligations. *See* 9 Timothy Murray, Corbin on Contracts § 52.5 (Matthew Bender ed. 2022) ("If the single performance that is promised by two or more persons is the building of a house, or the transfer of land or goods, or the rendition of specified objective service not allocated to the promisors separately, the promisee can get judgment for damages for breach against all the promisors . . . ."). As a result, the Trust and Total Depth will be liable for the damages award in this case.

3. The plaintiffs argue that they are entitled to prejudgment interest. Prejudgment interest is awarded in Delaware "as a matter of right and not of judicial discretion." *Brandywine Smyrna, Inc. v. Millennium Builders, LLC*, 34 A.3d 482, 485 (Del. 2011) (quoting *Moskowitz v. Mayor & Council of Wilmington*, 391 A.2d 209, 210 (Del. 1978)). The general rule is that "interest accumulates from the date payment was due the plaintiff, because full compensation requires an allowance for the detention of the compensation awarded and interest is used as a basis for measuring that allowance." *Id.* at 486 (quoting *Moskowitz*, 391 A.2d at 210). The plaintiffs are therefore entitled to prejudgment interest.

The default rate of prejudgment interest is statutorily defined as "5% over the Federal Reserve discount rate including any surcharge as of the time from which interest is due." 6 Del. C. § 2301; *see also Enzo Life Scis., Inc. v. Adipogen Corp.*, 82 F. Supp. 3d 568, 607 (D. Del. 2015). The statutory rate of interest governs unless "the court determines that a different rate is warranted by the equities." *CertiSign Holding, Inc. v. Kulikovsky*, No. CV 12055-VCS, 2018 WL 2938311, at *29 (Del. Ch. June 7, 2018) (citation omitted); *see also Summa Corp. v. Trans World Airlines, Inc.*, 540 A.2d 403, 409 (Del. 1988) (Courts have "broad discretion, subject to principles of fairness, in fixing the rate [of prejudgment interest] to be applied."). The defendants make several arguments for why I should exercise my discretion to depart from the usual practice under

Delaware law of granting prejudgment interest at the statutory rate to a party that has obtained a monetary award, but I do not find any of those arguments persuasive. I will therefore award prejudgment interest at the statutory rate as of the date that the defendants first breached the contract, i.e., the date of the closing of the EPA. *See Moon Express, Inc. v. Intuitive Machines, LLC*, No. 16-cv-344, 2018 WL 4972220, at *8 (D. Del. Oct. 15, 2018), *aff'd*, 788 F. App'x 117 (3d Cir. 2019) ("If it is possible to ascertain the date when the breach of contract occurred, then that date could be used as the date from which pre-judgment interest is computed."); *Enzo*, 82 F. Supp. 3d at 607. The Federal Reserve discount rate as of that date was 2.75%. Accordingly, the plaintiffs are entitled to prejudgment interest at a rate of 7.75% beginning on October 17, 2018.

The plaintiffs further argue that the prejudgment interest award should be calculated as compound interest rather than simple interest. As a general rule, "Delaware courts have traditionally disfavored compound interest." *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, 817 A.2d 160, 173 (Del. 2002) (citing *Summa*, 540 A.2d at 410). More recently, some courts have awarded compound interest on the ground that "compound interest is a more accurate means of measuring the time value of money." *See, e.g.*, *Miller v. Trimont Glob. Real Est. Advisors LLC*, No. 21-cv-49, 2022 WL 610820, at *23 (D. Del. Feb. 28, 2022) (citation omitted). Nevertheless, the choice between simple and compound interest is one that is committed to the court's discretion, *Gotham*, 817 A.2d at 173, and I find that the equities of this case do not support an award of compound interest. As I noted in my findings of fact and conclusions of law, the defendants did not act with scienter in failing to disclose the five material contracts in the EPA, and the plaintiffs' general theory that their losses were caused by "fraud and wholesale contract breaches by the defendants" is not supported by the record evidence. Dkt. No. 281 at 52. The plaintiffs' prejudgment interest award will therefore be limited to simple interest.

4

SIGNED this 9th day of September, 2022.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE